REGAN, Judge.
Plaintiff, Samuel L. Goff, an automobile mechanic who formerly conducted his business under the trade name of Goff’s Service Station, instituted this suit under date of February 26th, 1949, on an open account, to recover the sum of $167.80; allegedly representing labor and material' furnished by plaintiff in connection with the repair of a Ford and a Chevrolet truck, owned by defendant, Paul Skrmetta, and also for gasoline and lubricating oil sold, to the defendant, less a credit of $10.00,. which plaintiff claims defendant paid on account in the month of March, 1946, leaving a net balance due of $157.80.
Defendant answered and denied both the indebtedness and the payment of the sum of “$10.00 on account” and “specifically pleads the prescription of three years for an open account in bar of this suit.” Defendant then reconvened for the sum of' $700.00, alleging that in the year of 1944 he delivered his 1937 Ford truck to plaintiff’s • business establishment located in 1330 S. Broad Street, for the purpose of having the clutch tightened and “that up to the *87 present time”, the plaintiff “has never delivered or returned the truck” to defendant.
The judgment of the court, a qua, maintained defendant’s plea oí prescription and dismissed his reconventional demand as of non-suit. Plaintiff’s suit was dismissed at his cost. Hence this appeal by plaintiff.
Defendant did not answer the appeal and, therefore, the only question posed by virtue of the pleadings herein is one of fact, and that is, whether defendant made to plaintiff a payment of $10.00 in March of 1946 on account of his alleged indebtedness?
The record contains only the testimony of plaintiff and that is in support of the statement of account, dated August 30th, 1945, and attached to his petition, itemizing the labor and materials allegedly used in effecting the repairs to defendant’s Chevrolet and Ford trucks, together with the charges therefor and to substantiate the final entry appearing on this statement “Paid March 1946 $10.00.”
We have carefully analyzed plaintiff’s testimony and while his explanation of the manner in which the payment of $10.00 was made to him by the defendant is confused and vague, we are compelled to take cognizance of the fact that plaintiff is obviously an uneducated person, but he did, in the final analysis, repetitiously insist that defendant had made a payment on account in March of 1946 and this contention was never refuted by the defendant, because upon the termination of plaintiff’s testimony, the trial judge instanter maintained defendant’s plea of prescription.
The existing record per se contains insufficient evidence to determine, with any degree of certainty, whether defendant made a payment of $10.00 in March of 1946 and, accordingly, ■ we are unable to decide if the ruling of the trial judge was correct in maintaining the plea of prescription, therefore, in order that the ends of justice may be more properly served, it is our considered opinion that the matter should remanded.
For the reasons assigned the judgment appealed from is annulled, avoided and reversed and it is now ordered that this case be remanded to the First City Court for further proceedings according to law and not inconsistent with the views herein expressed.
Reversed and remanded.